**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **LEROY WEBB, ANNA WEBB, HERMAN DOUGLAS and CYNTHIA DOUGLAS, Individually and on behalf of all others similarly situated,**<br>                    **Plaintiffs** | :   **No. 3:08cv1607**<br>:<br>:   **(Judge Munley)**<br>:<br>:<br>: |
| **v.** | :<br>:<br>: |
| **DISCOVER PROPERTY & CASUALTY INSURANCE COMPANY, THE TRAVELERS INDEMNITY COMPANY, THE TRAVELERS INDEMNITY COMPANY OF AMERICA, THE TRAVELERS INDEMNITY COMPANY OF CONNECTICUT, TRAVELERS PROPERTY AND CASUALTY COMPANY OF AMERICA, THE CHARTER OAK FIRE INSURANCE COMPANY and THE PHOENIX INSURANCE COMPANY,**<br>                    **Defendants** | :<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>: |

::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::

<u>**MEMORANDUM**</u>

_____Before the court for disposition is the plaintiffs motion to remand this action to the Court of Common Pleas of Luzerne County.  The matter has been fully briefed and is ripe for disposition.

**Background**

Plaintiffs Leroy Webb and Herman Douglas were injured in separate automobile accidents while operating vehicles in the scope of their employment. (Doc. 1, Compl. ¶¶ 7, 24).   The vehicles driven by Webb and Douglas were both insured by Defendant Discover Property & Casualty Insurance Company (hereinafter "Discover").  (<u>Id.</u> at ¶¶ 10, 25).   The policies, which were issued to the plaintiffs' respective employers, were written so as not to provide underinsured motorist bodily injury coverage. (<u>Id.</u> at ¶¶ 11, 26).  Plaintiffs allege that the forms used by Discover that

provide for the rejection of underinsured motorist coverage are invalid and void under section 1731 of the Pennsylvania Motor Vehicle Financial Responsibility Law, 75 PENN. CONS. STAT. § 1731(c.1).  (Id. at ¶ 14, 27).

Accordingly, plaintiffs brought the instant three-count complaint.  The counts are as follows: 1) declaratory judgment; 2) insurance bad faith; and 3) appointment of special master.

Plaintiffs seek to bring the case as a class action.  They propose to represent the following class:

> All persons injured in motor vehicle accidents while covered (including but not limited to derivative claims) under a policy issued by any of the Defendants and were not provided uninsured or underinsured motorist benefits even though the form used to reject any such coverage is void and not valid.

(Doc. 1, Compl. ¶ 31).

Plaintiffs filed the instant action in the Luzerne County Court of Common Pleas on August 5, 2008.  On August 27, 2008, the defendants removed the case to this court.  Plaintiffs moved to remand the case to state court on September 4, 2008, and the plaintiffs filed a motion to limit defendants contact with the proposed class.[1]  We will address each motion in turn.

**Discussion**

**A.  Plaintiffs' motion to remand**

Defendants removed this case pursuant to 28 U.S.C. § 1441(a), which gives a defendant the right to remove "'any civil action brought in a State court of which the district courts of the United States have original jurisdiction.'"  28 U.S.C. § 1441(a).  Thus, "[t]he propriety of removal . . .

---

[1]Defendants have also filed a motion to dismiss the complaint.  We will not address the motion to dismiss the complaint in this memorandum.

depends on whether the case originally could have been filed in federal court." City of Chicago v. Int'l College of Surgeons, 522 U.S. 156, 162 (1997).  The notice of removal asserts that this court has jurisdiction under the diversity statute.  28 U.S.C. § 1332.  Hence, we must determine whether the prerequisites for diversity jurisdiction are met.  As a general matter, "the party asserting diversity jurisdiction bears the burden of proof." McCann v. George Newman Irrevocable Trust, 458 F.3d 281, 286 (3d Cir. 2006).  Here, therefore, the defendant, who seeks to exercise the court's jurisdiction through the removal statute, bears the burden of proof.[2]

Diversity jurisdiction is appropriate where the parties are citizens of different states and the amount in controversy is in excess of $75,000.00. 28 U.S.C. § 1332(a).  Instantly, no dispute exists regarding whether the parties are citizens of different states.  We must determine therefore, if the defendants have established that the amount in controversy exceeds $75,000.00.

In their second brief the plaintiffs dispute whether defendants have

_____

[2]Plaintiff initially argues that this case is a declaratory judgment and we should merely exercise our jurisdiction not to hear it as it involves merely issues of state law.  We are unconvinced by the argument.  We agree generally that we have discretion to refuse to hear declaratory judgment actions.  This case, however, includes more than a declaratory judgment.  It also includes a cause of action for bad faith and it seeks the appointment of a master to oversee the proposed class members' arbitration.  We do not have discretion with regard to hearing such claims if the other jurisdictional requisites are met.   It would be inappropriate to remand a portion of the case and keep other portions.  Such piecemeal litigation is disfavored.

established that the amount in controversy is greater than $75,000.[3] Defendants argue that because plaintiff seeks punitive damages, the amount in controversy threshold has been met.  After a careful review, we agree with the defendants.

We must remand this action unless it appears "to a legal certainty that [plaintiffs'] claim is really for less than the jurisdictional amount[.]" Huber v. Taylor, 532 F.3d 237, 244 (3d Cir. 2008) (quoting St. Paul Mercury Indemnity Co. v. Red Cab Co., 303 U.S. 283, 288-89 (1938)). Where an appropriate claim for punitive damages is made, the amount in controversy requirement is generally met "because it cannot be stated to a legal certainty that the value of the plaintiff's claim is below the statutory minimum." Id. at 244 (internal citation, emphasis and quotation marks omitted).

In the instant case, the plaintiffs have made a claim for punitive damages under their bad faith cause of action.  Under Pennsylvania's Automobile Insurance Bad Faith Statute, punitive damages may be awarded.  42 PA. CONS. STAT. § 8371.  Accordingly, as an appropriate claim for punitive damages has been made, we cannot find to a legal certainty that the value of plaintiffs' claims are below the statutory threshold and therefore remand is inappropriate.   Plaintiff's motion to remand will be

---

[3]Interestingly, in their motion to remand plaintiffs admit that "[t]he amount in controversy most likely exceeds $75,000" and "this court has jurisdiction pursuant to the diversity statute" (Doc. 5, Motion To Remand ¶ ¶ 10-11).  Thus, in their initial brief they did not dispute the amount in controversy and solely raised the issue of this court's discretion to hear a declaratory judgment action discussed in footnote 1.

denied.[4]

## B.  Plaintiffs' motion to limit defendants' contact with putative class members

The second motion we have before us is the Plaintiffs' motion to limit the defendants' contact with putative class members.  Plaintiffs seek, prior to class certification, "to restrict defendants' contact with prospective class members without prior notification to plaintiffs' counsel, and prior court approval, in order to prevent defendants from (1) initiating any unfairly prejudicial, one-sided communications with these individuals that may misrepresent the status and/or purpose of this litigation, (2) contacting these individuals without first providing notice to plaintiffs' counsel and giving them the opportunity to respond accordingly, and (3) attempting to unilaterally settle potential claims in the absence of full and fail disclosure about this litigation."  (Doc. 11, Motion To Limit Contact, ¶ 7).

Defendants' position is that merely citing a potential for abuse is insufficient to justify limiting defendants' contact with the putative class members.  According to the defendants, for such a motion to be granted there must first be a clear record with specific findings that support the need for limiting communications.  After a careful review, we agree.

The Third Circuit Court of Appeals has explained that as a district court, we have "both the duty and broad authority to exercise control over a

_____

[4]Defendants also argue that removal is appropriate under 28 U.S.C. § 1332(d)(2), which generally provides for removal of class actions where at least one defendant and one plaintiff are citizens of different states and the amount in controversy exceeds five million dollars.  We need not address this issue as we have found that jurisdiction is appropriate under 28 U.S.C. § 1332(a).

class action and to enter appropriate orders governing the conduct of counsel and parties." In re Community Bank of Northern Virginia, 418 F.3d 277, 310 (3d Cir. 2005)(quoting Gulf Oil Co. v. Bernard, 452 U.S. 89, 100 (1981).

Further, as the Third Circuit noted, our authority is derived from Rule 23(d)(1) of the Federal Rules of Civil Procedure, which provides:

"In conducting [a class action], the court may issues orders that: . . . (C) impose conditions on the representative parties or on intervenors . . . [and] (E) deal with similar procedural matters."

"However, a remedy should be restricted to the minimum necessary to correct the effects of improper conduct under Rule 23." Id. at 311 (citing Coles v. Marsh, 560 F.2d 186, 189 (3d Cir. 1977)).

"[A]n order limiting communications between parties and potential class members should be based on a clear record and specific findings that reflect a weighing of the need for a limitation and the potential interference with the rights of the parties[.]" Gulf Oil Co., 452 U.S. at 100-101 *quoted in* In re Community Bank of Northern Virginia, 418 F.3d at 310.

Instantly, before the court there is no "clear record" of abuse - - or even allegations of abuse – - from which we can make specific findings with regard to the defendants' contact with the putative class members. See In re School Asbestos Litigation, 842 F.2d 671, 681 (3d Cir. 1988)(indicating that an evidentiary hearing is appropriate to meet the requirements of Gulf Oil). Therefore, the plaintiffs' motion will be denied.

**Conclusion**

For the reasons set forth above, the plaintiffs' motion for remand and the plaintiffs' motion to limit the defendants' contact with putative class

members will both be denied.  An appropriate order follows.

**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **LEROY WEBB, ANNA WEBB, HERMAN DOUGLAS and CYNTHIA DOUGLAS, Individually and on behalf of all others similarly situated,** <br> **Plaintiffs** : | **No. 3:08cv1607** <br><br> **(Judge Munley)** |
| **v.** : | |
| **DISCOVER PROPERTY & CASUALTY INSURANCE COMPANY, THE TRAVELERS INDEMNITY COMPANY, THE TRAVELERS INDEMNITY COMPANY OF AMERICA, THE TRAVELERS INDEMNITY COMPANY OF CONNECTICUT, TRAVELERS PROPERTY AND CASUALTY COMPANY OF AMERICA, THE CHARTER OAK FIRE INSURANCE COMPANY and THE PHOENIX INSURANCE COMPANY,** <br> **Defendants** : | |

## ORDER

_____**AND NOW**, to wit, this 24th  day of November 2008, the plaintiffs'
motion to remand (Doc. 5) is hereby **DENIED**.  Plaintiffs' motion to limit the
defendants' contact with putative class members (Doc. 11) is hereby
**DENIED** without prejudice to the plaintiffs filing another such motion in the
future if circumstances warrant such a filing.

**BY THE COURT:**

**s/ James M. Munley
JUDGE JAMES M. MUNLEY
United States District Court**

8