# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| LEROY WEBB, ANNA WEBB, HERMAN DOUGLAS and CYNTHIA R. DOUGLAS individually and on behalf of all others similarly situated,<br>     **Plaintiffs**<br><br>    v.<br><br>DISCOVER PROPERTY & CASUALTY INSURANCE COMPANY; THE TRAVELERS INDEMNITY COMPANY; THE TRAVELERS INDEMNITY COMPANY OF AMERICA; THE TRAVELERS INDEMNITY COMPANY OF CONNECTICUT; TRAVELERS PROPERTY AND CASUALTY COMPANY OF AMERICA; THE CHARTER OAK FIRE INSURANCE COMPANY; ST. PAUL TRAVELERS COMPANIES, INC.; THE ST. PAUL TRAVELERS COMPANIES, INC., THE TRAVELERS COMPANIES, INC.; STANDARD FIRE INSURANCE COMPANY OF CONNECTICUT; TRAVELERS INSURANCE GROUP HOLDINGS, INC.; TRAVELERS PROPERTY CASUALTY CORP.; and THE PHOENIX INSURANCE COMPANY,<br>     **Defendants** | No. 3:08cv1607<br><br>(Judge Munley) |

## MEMORANDUM

  Before the court for disposition is the defendants' motion to dismiss the plaintiffs' complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure for failure to state a claim for which relief can be granted. The matter has been fully briefed and is ripe for disposition.

**Background**

  Plaintiffs Leroy Webb and Herman Douglas were injured in separate automobile accidents while operating vehicles in the scope of their

employment. (Doc. 1, Compl. ¶¶ 7, 24). The vehicles driven by Webb and Douglas were both insured by Defendant Discover Property & Casualty Insurance Company (hereinafter "Discover"). (Id. at ¶¶ 10, 25). The policies, which were issued to the plaintiffs' respective employers, were written so as not to provide underinsured motorist bodily injury coverage. (Id. at ¶¶ 11, 26). Plaintiffs allege that the forms used by Discover that provide for the rejection of underinsured motorist coverage are invalid and void under section 1731 of the Pennsylvania Motor Vehicle Financial Responsibility Law, 75 PENN. CONS. STAT. § 1731(c.1). (Id. at ¶¶ 14, 27).

Accordingly, plaintiffs brought the instant three-count complaint. The counts are as follows: 1) declaratory judgment; 2) insurance bad faith; and 3) appointment of special master.

Plaintiffs seek to bring the case as a class action. They propose to represent the following class:

> All persons injured in motor vehicle accidents while covered (including but not limited to derivative claims) under a policy issued by any of the Defendants and were not provided uninsured or underinsured motorist benefits even though the form used to reject any such coverage is void and not valid.

(Doc. 1, Compl. ¶ 31).

Plaintiffs filed the instant action in the Luzerne County Court of Common Pleas on August 5, 2008. On August 27, 2008, the defendants removed the case to this court. The defendants then filed a motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, bringing the case to its present posture.

**Jurisdiction**

This Court has jurisdiction pursuant to the diversity jurisdiction statute, 28 U.S.C. § 1332. Because we are sitting in diversity, the

2

substantive law of Pennsylvania shall apply to the instant case. Chamberlain v. Giampapa, 210 F.3d 154, 158 (3d Cir. 2000) (citing Erie R.R. v. Tompkins, 304 U.S. 64, 78 (1938)).

**Standard of review**

This case is before the court pursuant to defendants' motion to dismiss for failure to state a claim upon which relief can be granted. FED. R. CIV. P. 12(b)(6). When a 12(b)(6) motion is filed, the sufficiency of the allegations in the complaint is tested. Granting the motion is appropriate if, accepting as true all the facts alleged in the complaint, the plaintiff has not pleaded "enough facts to state a claim to relief that is plausible on its face," or put another way, "nudged [his or her] claims across the line from conceivable to plausible." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007). The Third Circuit interprets Twombly to require the plaintiff to describe "enough facts to raise a reasonable expectation that discovery will reveal evidence of" each necessary element of the claims alleged in the complaints. Phillips v. County of Allegheny, 515 F.3d 224, 234 (3d Cir. 2008) (quoting Twombly, 550 U.S. at 556). Moreover, the plaintiff must allege facts that "justify moving the case beyond the pleadings to the next stage of litigation." Id. at 234-35.

In relation to Federal Rule of Civil Procedure 8(a)(2), the complaint need only provide "'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Twombly, 550 U.S. at 555 (citation omitted). "[T]he factual detail in a complaint [cannot be] so undeveloped that it does not provide a defendant the type of notice of claim which is contemplated by Rule 8." Phillips, 515 F.3d at 232 (citation omitted). "Rule 8(a)(2) requires a 'showing' rather than a blanket

3

assertion of an entitlement to relief." Id.

The issue is whether the facts alleged in the complaint, if true, support a claim upon which relief can be granted. In deciding a 12(b)(6) motion, the court must accept as true all factual allegations in the complaint and give the pleader the benefit of all reasonable inferences that can fairly be drawn therefrom, and view them in the light most favorable to the plaintiff. Morse v. Lower Merion Sch. Dist., 132 F.3d 902, 906 (3d Cir.1997). To decide a motion to dismiss, a court generally should consider only the allegations in the complaint, exhibits attached to the complaint, matters of public record, and documents that form the basis of a claim. See In re Burlington Coat Factory Sec. Litig., 114 F.3d 1410, 1426 (3d Cir. 1997); Pension Benefit Guar. Corp. v. White Consol. Indus., Inc., 998 F.2d 1192, 1196 (3d Cir. 1993).

**Discussion**

Plaintiffs' complaint involves the issue of waiver of uninsured motorist ("UM") and underinsured motorist coverage ("UIM"). Pennsylvania law provides that such coverage is not mandatory, but in order to reject such coverage specific waiver forms must be executed by the insured. 75 PENN. CONS. STAT. ANN. § 1731. Rejection forms that do not comply with the statute are void. Id. at § 1731(c.1). Plaintiffs assert that the waiver forms at issue in the instant case do not comport with the requirements of section 1731.

Defendants' motion raises four separate issues. We will discuss them *in seriatim*.

**1. Failure to set forth where the insurance policies were issued or delivered and where the vehicles were registered or principally garaged**

First, the defendants argue that the complaint fails to state a claim for

4

which relief can be granted pursuant to 75 Penn. Cons. Stat. Ann. § 1731 because it neither sets forth where the insurance policies were issued or delivered nor where the vehicles were registered or principally garaged.

With respect to uninsured and underinsured motorist coverage, the law provides:

> No motor vehicle liability insurance policy shall be **delivered or issued for delivery** in this Commonwealth, with respect to any motor **vehicle registered or principally garaged** in this Commonwealth, unless uninsured motorist and underinsured motorist coverages are offered thee in or supplemental thereto in amounts as provided in section 1743[.]

75 Penn. Cons. Stat. Ann. § 1731 (emphasis added).

Defendant argues that according to its plain language, the statute applies solely to policies delivered or issued for delivery in Pennsylvania, and applies only to vehicles registered or principally garaged in Pennsylvania. Defendant argues that plaintiffs must allege in the complaint that these requirements have been met. We find defendant's argument to be unpersuasive.

As set forth above, the Third Circuit requires the plaintiff's complaint to describe "enough facts to raise a reasonable expectation that discovery will reveal evidence of" each necessary element of the claims alleged in the complaint. Phillips v. County of Allegheny, 515 F.3d 224, 234 (3d Cir. 2008) (quoting Twombly, 550 U.S. at 556). Moreover, the plaintiff must allege facts that "justify moving the case beyond the pleadings to the next stage of litigation." Id. at 234-35.

In the instant case, the plaintiffs have alleged that their employers had the policies and that the policies violated the statute. By implication, therefore, the plaintiffs are asserting that the insurance policy falls under the requirements of section 1731 and that all the elements of the statute

5

are met.  We find no requirement that the plaintiffs set forth all the elements of the statute and a separate affirmative assertion that the elements have been met in the instant case.  If discovery reveals that the elements of the statute are not met, the defendants may raise the issue at the summary judgment stage.  Accordingly, the defendants' motion on this ground will be denied.

**2. Commercial fleet policies**

Next, defendants argue that the complaint should be dismissed because 75 PENN. CONS. STAT. ANN. § 1731 does not apply to commercial fleet policies. In support of this position the defendant cites to Everhart v. PMA, 938 A.2d 301 (Pa. 2007).  We disagree with the defendants' position.

Initially, we note that the plaintiff's complaint does not assert that the policies are "commercial fleet policies."  Thus, as we must rule on the motion based upon the allegations of the complaint, the motion will be denied.

Moreover, a reading of the statute at issue reveals that it does not on its face limit its protection to personal policies.  See 75 PENN. CONS. STAT. ANN. § 1731.  Additionally, defendants rely upon Everhart supra in support of its position.  Everhart dealt with the issue of whether stacking is required in commercial fleet policies.[1]   The court concluded that mandatory stacking provisions of the Pennsylvania Motor Vehicle Financial Responsibility Law (hereinafter "MVFRL") did not apply to commercial fleet policies.  Defendants argue that the reasoning of this case should be extended to apply to the UM/UIM provisions of the MVFRL.   The Everhart

---

[1]"Stacking" refers to adding coverages from other vehicles and/or different policies to provide a greater amount of coverage available under any one vehicle or policy. Everhart, 938 A.2d at 175.

6

court examined several factors that led to this conclusion. Not all of these factors are applicable to the issue present in our case. For example, the court indicated that fleet policies cover a multitude of vehicles, therefore, stacking might very well be cost prohibitive and not the reasonable expectation of the contracting parties. Id. at 181. The increased cost of stacking multiple vehicles is not present when the issue is merely UM/UIM coverage.

Additionally, the Everhart court noted that at the time that the stacking provisions were added to the MVFRL, a body of case law had developed holding that stacking did not apply to commercial fleet policies. Statutes are not presumed to make changes to existing law beyond what the statute expressly provides. Id. at 182. Therefore, this factor weighed in favor of finding that stacking did not fall under the MVFRL's stacking provisions. The defendants have cited no case law to indicate that the UM/UIM provisions of the MVFRL should not be applicable in the employee/employer situation.

Although these factors appear to make Everhart inapplicable to the instant case, we will defer making a complete analysis of this issue to a more appropriate time after discovery has been completed and the nature of the policy is clear.

### 3. Worker's compensation

The third argument that the defendants make is that the complaint must be dismissed because the Pennsylvania Workers Compensation Act bars a claim by an employee to compel an insurance carrier to provide coverage which was not previously requested by the employer.

Defendants argue that the sole remedy an employee has against an employee for an injury sustained during the course and scope of his

employment is provided under the Workers Compensation Act. 77 Penn. Stat. § 481. Defendants concede, however, that an employer may purchase UM or UIM insurance coverage for its employees, and if they do, the Workers Compensation Act does not bar a claim for benefits by the employee against the employer's insurer. Regardless, the defendants argue that if the employer chooses NOT to purchase UM or UIM protection as a benefit to its employees, the employee cannot then sue to reform the policy because that would violate the exclusivity provision of the Workers Compensation Act.

We are unconvinced by the defendants' arguments. The Third Circuit Court of Appeals has explained that Pennsylvania law allows for the recovery of both Workers Compensation benefits as well as UIM benefits. Travelers Indem. Co. of Illinois v. DiBartolo, 131 F.3d 343, 348 (3d Cir. 1997). We discern no difference at this time between plaintiffs seeking UIM coverage properly provided for in their employer's insurance policy and seeking to void a provision of that policy as in violation of the law and thus obtaining benefits in that manner.

Defendants argue that section 1731 should be narrowly construed and employees should not be allowed to try to "reform" an employer's insurance contract, which would only serve to increase premiums. We are not convinced. First, we note that defendants have not presented any evidence as to an increase in premiums if the insurance policies are reformed. In fact, at this stage of the litigation such evidence would be premature. Furthermore, the employer will not have to pay for the insurance coverage if they sign appropriate forms.

Moreover, defendants seem to argue that even if the forms used were inappropriate under the statute, the employee should not be able to

void them under the statute. As set forth above, however, employees are entitled to receive benefits under their employer's automobile insurance policies. In the instant case, the plaintiffs assert that they are entitled to benefits because the forms used to waive UIM benefits are void under the law. It would not be appropriate for plaintiff to be entitled to benefits under the law and not able to assert the right to enforce those benefits. Accordingly, this portion of the defendants' motion to dismiss will be denied.

### 4. Companies that did not issue the policy at issue

The final argument made by the defendants involves which entity issued the policy. Defendants assert that Discovery Property & Casualty Insurance Company issued the policies under which plaintiffs claim benefits. Therefore, all other insurance companies named in the complaint should be dismissed.

Plaintiff argues that it is too early at this juncture to determine exactly what the relationship is between these various entities and that discovery should be permitted before any defendant is dismissed. We agree. Without more facts, which should be established during discovery, it is impossible to conclude at this point which, if any, of the entities should be dismissed from the suit. Accordingly, this portion of the defendants' motion to dismiss will be denied.

**Conclusion**

For the reasons set forth above, the defendants' motion to dismiss will be denied. An appropriate order follows.

# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| LEROY WEBB, ANNA WEBB, HERMAN DOUGLAS and CYNTHIA R. DOUGLAS individually and on behalf of all others similarly situated,<br><br>　　　　　　Plaintiffs<br><br>　　v.<br><br>DISCOVER PROPERTY & CASUALTY INSURANCE COMPANY; THE TRAVELERS INDEMNITY COMPANY; THE TRAVELERS INDEMNITY COMPANY OF AMERICA; THE TRAVELERS INDEMNITY COMPANY OF CONNECTICUT; TRAVELERS PROPERTY AND CASUALTY COMPANY OF AMERICA; THE CHARTER OAK FIRE INSURANCE COMPANY; ST. PAUL TRAVELERS COMPANIES, INC.; THE ST. PAUL TRAVELERS COMPANIES, INC., THE TRAVELERS COMPANIES, INC.; STANDARD FIRE INSURANCE COMPANY OF CONNECTICUT; TRAVELERS INSURANCE GROUP HOLDINGS, INC.; TRAVELERS PROPERTY CASUALTY CORP.; and THE PHOENIX INSURANCE COMPANY,<br>　　　　　　Defendants | No. 3:08cv1607<br><br>(Judge Munley) |

## ORDER

**AND NOW**, to wit, this 22nd day of September 2009, the defendants' motion to dismiss (Doc. 3) is hereby **DENIED**.

　　　　　　　　　　　　　　　　　**BY THE COURT:**

　　　　　　　　　　　　　　　　　**s/ James M. Munley**
　　　　　　　　　　　　　　　　　**JUDGE JAMES M. MUNLEY**
　　　　　　　　　　　　　　　　　**United States District Court**