## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| HERMAN DOUGLAS and CYNTHIA R. DOUGLAS, | : | No. 3:08cv1607 |
| **Plaintiffs** | : | **(Judge Munley)** |
| | : | |
| v. | : | |
| | : | |
| DISCOVER PROPERTY & CASUALTY INSURANCE COMPANY; THE TRAVELERS INDEMNITY COMPANY; THE TRAVELERS INDEMNITY COMPANY OF AMERICA; THE TRAVELERS INDEMNITY COMPANY OF CONNECTICUT; TRAVELERS PROPERTY AND CASUALTY COMPANY OF AMERICA; THE CHARTER OAK FIRE INSURANCE COMPANY; ST. PAUL TRAVELERS COMPANIES, INC.; THE ST. PAUL TRAVELERS COMPANIES, INC.; THE TRAVELERS COMPANIES, INC.; STANDARD FIRE INSURANCE COMPANY OF CONNECTICUT; TRAVELERS INSURANCE GROUP HOLDINGS, INC.; TRAVELERS PROPERTY CASUALTY CORP.; and THE PHOENIX INSURANCE COMPANY, | : : : : : : : : : : : : : : : : : : : : : | |
| **Defendants** | : | |

## MEMORANDUM

Before the court for disposition is defendants' filing labeled as a "Request To Amend Order Pursuant to F.R.A.P. 5(a)(3)." Defendants seek the court's permission to immediately appeal our summary judgment opinion. The matter has been briefed and is ripe for disposition.

1

**Background**[1]

On August 21, 2005, Plaintiff Herman Douglas (hereinafter "plaintiff") was injured in an automobile accident. At the time of the accident, plaintiff was driving a car supplied to him by his employer, Abbott Laboratories. Abbott maintained a commercial fleet automobile policy with Defendant Discover Property & Casualty Insurance Company that covered the automobile.

Plaintiff settled a personal injury claim with the third-party tortfeasor and sought underinsured motorist ("UIM") benefits from Defendant Discover.[2] When Abbott purchased the automobile policy, it waived UIM coverage. Pennsylvania has specific rules that must be followed for a valid waiver of UIM coverage, including the wording that must be used in the waiver. See 75 PA. CONS. STAT. ANN. § 1731. Plaintiff filed suit seeking a declaratory judgment that the UIM waiver was void. The complaint also asserts of cause of action for bad faith and seeks the appointment of a special master to adjudicate the claims of the members of a potential class action.

The parties filed cross-motions for summary judgment in December 2010. The court issued a memorandum and an order on August 12, 2011

---

[1]We have derived these brief background facts from our summary judgment opinion, which was based on the parties' stipulation of the facts. (Doc. 67, Mem. & Order of Aug. 12, 2011). Thus, we have dispensed with citations to the record.

[2]UIM coverage applies when another driver is at fault for injury, but that driver lacks sufficient insurance to cover all losses caused by the accident. The insured/injured party can then potentially recover UIM benefits from his own insurance policy. 75 PA. CONS. STAT. ANN. § 1731(c).

disposing of the motions.  We granted summary judgment in plaintiffs' favor with regard to the declaratory judgment.  We found that the waiver of UIM coverage was null and void.  We denied the motion with respect to the bad faith claim.  We also denied the defendant's motion for summary judgment.

On August 31, 2011, the defendants filed the instant document entitled: "Request to Amend Order Pursuant to F.R.A.P. 5(a)(3)."  (Doc. 70).  The request notes that our summary judgment order is interlocutory and not subject to immediate appeal.  Defendants ask the court to amend the order to add language that would make it immediately appealable.  Plaintiffs oppose the request, and this matter is now ripe for disposition.

**Discussion**

Defendants seek to appeal our decision on the summary judgment motion.  Rule 5 of the Federal Rules of Appellate Procedure provides:

> If a party cannot petition for appeal unless the district court first enters an order granting permission to do so or stating that the necessary conditions are met, the district court may amend its order, either on its own or in response to a party's motion, to include the required permission or statement.  In that event, the time to petition runs from the entry of the amended order.

FED. R. APP. P. 5(a)(3).

The defendants move to have the court amend its order on the summary judgment motion to include language allowing for immediate appeal.  The parties agree that granting an immediate appeal is only permitted if the requirements of 28 U.S.C. § 1292(b) are met.  Section 1292(b) provides that if a judicial order is not otherwise appealable, the judge may certify it for immediate appeal if the order involves a controlling question of law over which a substantial ground for difference of opinion

exists.

The following three criteria must be met for the court to exercise its discretion to grant an immediate appeal:

(1) the order must involve a controlling question of law;

(2) there must be substantial ground for difference of opinion as to the order's correctness and

(3) immediate appeal will materially advance the ultimate termination of the litigation.

Katz v. Carte Blanche Corp., 496 F.2d 747, 754 (3d Cir. 1974).

The Third Circuit has further explained that "Congress intended that section 1292(b) should be sparingly applied.  It is to be used only in exceptional cases where an intermediate appeal may avoid protracted and expensive litigation and is not intended to open the floodgates to a vast number of appeals from interlocutory orders in ordinary litigation."  Milbert v. Bison Lab., Inc., 260 F.2d 431, 433 (3d Cir. 1958); Sporck v. Peil, 759 F.2d 312, 315 n.4 (3d Cir. 1985).

In the instant motion, the determinative factor is the second, whether substantial ground for difference of opinion exists as to the correctness of our summary judgment decision.  The defendants raise several arguments to establish a substantial ground for difference of opinion.  Principally, defendants contend that the policy waiver was valid under Pennsylvania law.  Second, defendants claim that the policy was neither delivered nor issued for delivery in Pennsylvania.  Third, the defendants argue that plaintiff lacks standing to reform the insurance policy.[3]  We will discuss

_____

[3]The defendants raise several other issues.  The issues mentioned in the body of the memorandum, however, are the ones that the parties have

these issues in turn.

## a. Compliance with statutory language

Our memorandum and order explained that the waiver at issue was null and void because the insurance company failed to comply with Subsection 1731(c) of the Motor Vehicle Financial Responsibility Law (hereinafter "section 1731(c)"). Section 1731 provides the language that must be used in a waiver of UIM coverage. We found that the policy language deviated from this language, and the waiver was thus void. Defendants seek to appeal this issue, but we find no substantial ground for disagreement on our ruling.

Defendants argue that substantial disagreement does exist on this issue, based on the case of Robinson v. Travelers Indemnity Co. of America, 520 F. Appx. 85 (3d Cir. 2013).[4] In that case, the insurance policy at issue inserted a word into the waiver language that is not provided in the statute. In Robinson the policy provided: "Underinsured Motorists Coverage protects me and relatives living in my household for losses and damages suffered if injury is caused by the negligence of a driver who does not have enough insurance to pay for all losses and damages. I knowingly and voluntarily reject this coverage." Id. at *87. The district court granted summary judgment against the insurance company because the waiver included the word "Motorists" in "Undersinsured Coverage." The

_____

addressed most thoroughly, and we focus our analysis on them. We note, however, that we find no merit to any of the issues defendants raise.

[4]Defendants actually cite to the district court opinion in this case, but since the filing of their motion the Third Circuit has issued an opinion in the case. We will examine the Third Circuit opinion.

statute provided the language to be used in the waiver and the word "Motorist" was not in it.  Instead of "Underinsured Motorist Coverage" the waiver, according to section 1731 should state "Underinsured Coverage."

The Third Circuit disagreed with the district court.  It found that the additional language - one word - introduced no ambiguity in the waiver form and actually made the phrase consistent with the rest of the Motor Vehicle Financial Responsibility Law.  Id.  It did not change the meaning or scope of the coverage or contravene any party's understanding of the coverage.  Id.

Our case is different.  Instead of "Underinsured Motorists Coverage" or "Underinsured Coverage,"  the policy in this case states "Underinsured Motorists" which results in the following statement in the waiver form: "Underinsured Motorists protects me and relatives living in my household for losses and damages suffered if injury is caused by the negligence of a driver who does not have enough insurance to pay for all losses and damages."  (Doc. 55-1, UIM coverage Selection/Rejection Form, at 48). Thus, Defendant Discover's form refers to "Underinsured Motorists," while the statutory rejection language in subsection 1731(c) refers to "Underinsured Coverage." This substitution renders the form ambiguous. In Robinson, it is not ambiguous that Underinsured Motorists Coverage is the same as Underinsured Coverage.  In the instant case, "Underinsured Motorists" does not mean the same as "Underinsured Coverage." Use of the term "Underinsured Motorists" renders the waiver unintelligible.  Thus, we are not convinced by the defendants' argument.   We find no substantial ground for disagreement on this ruling.

**b) Delivered or issued for delivery**

Pennsylvania's requirements regarding section 1731 only apply if the policy at issue was "delivered or issued for delivery" in Pennsylvania.  In our opinion of August 12, 2011, we determined that the policy was issued for delivery in Pennsylvania because the vehicle at issue was the plaintiff's personal car which was registered in Pennsylvania.  Moreover, the policy itself is replete with references to Pennsylvania law and evinces that it was created to insure vehicles operating in Pennsylvania.  (Doc. 67, at 11-12).  We find that there are not substantial grounds for difference of opinion on this issue.  The absence of substantial grounds for difference of opinion pertaining to this issue precludes us from granting an immediate appeal.

**c) Standing**

Defendants also argue that our opinion was incorrect because the driver in this case lacked standing to reform the insurance policy.  As we explained in our opinion, however, the driver of the automobile is eligible for such benefits as his employer sought to provide the insurance, and he is also eligible for those benefits which his employer did not disclaim in conformance with Pennsylvania law regardless of whether they intended to provide them or not.  Defendants cite to no authority to call this decision into question.

**Conclusion**

For the above reasons, we find that defendants have not met their burden to establish that immediate appeal is appropriate.  Accordingly, their motion will be denied.  An appropriate order follows.

**Date: Oct. 10, 2013**                              **s/ James M. Munley**
                                                     **JUDGE JAMES M. MUNLEY**
                                                     **United States District Court**